**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

| | |
|---|---|
| RICKEY ALFORD, | ) Case No. CV 18-02097-AB (AS) |
| Petitioner, | ) **ORDER OF DISMISSAL** |
| v. | ) |
| JANE DOE, | ) |
| Respondent. | ) |

### I. BACKGROUND

On January 17, 2018, Rickey Alford ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Docket Entry No. 1).[1]

---

[1] Petitioner apparently has filed more than fifty actions in this Court, many of which have been summarily dismissed. See Rickey Louis Alford v. Octavio C. Luna, et al., Case No. CV 12-00267-MMM (AJW); Docket Entry No. 5 at 1 n.1.

1

The Petition asserts the following grounds for federal habeas relief: (1) "Black public officials, Micheal Jones; R Lowe; M. Drake called as witnesses"; (2) "Brain dagmage wheree obstructions with counselor Taft, appeal office K. Cox, and other females"; (3) "The Federal Judges responces (sic) are of racial hatred falling Ku Klux Act of 1871"; (4) "Blacks are up against a deadly virus Ku Klux Klans have see Title 21 U.S.C. sec. 321(h)"; and (5) "Filing a Civil Right (sic) Complaint or Habeas Corpus attacked by Federal Judges with CDC staff[.]" (Petition at 5-6 [3 pages]).

A Petition for Writ of Habeas Corpus can only be filed by a petitioner who is in state custody and contends that such custody is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(c).

The claims alleged in the Petition are incomprehensible, vague and conclusory. See Hendrix v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("Summary dismissal is appropriate only where the allegations in the petition are 'vague [or] conclusory" or palpably incredible . . . 'or patently frivolous or false.'")(citations omitted).

Moreover, to the extent that Petitioner has attempted to allege a sentencing error claim (i.e., Proposition 57), this claim only involves the application and/or interpretation of state law and consequently is not cognizable on federal habeas review. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(reiterating that it is not the province of a federal habeas

2

court to reexamine state court determinations on state law questions); Smith v. Phillips, 455 U.S. 209, 221 (1982)("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994); Kennick v. Superior Court, 736 F.2d 1277, 1280 (9th Cir. 1984); see also Borroughs v. Davis, 2015 WL 3867928, *5 (petitioner's claim challenging the denial of his petitions/motion to recall and reduce his sentence under Proposition 36 was not cognizable on federal habeas review). Similarly, to the extent that Petitioner is attempting to characterize a claim concerning release under Proposition 57 as a federal constitutional claim (see Petition, Attachment), it is not sufficient to render it cognizable. See e.g., Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("[The petitioner] may not . . . transform a state law issue into a federal one merely by asserting a violation of due process'"); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1995); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993).

In addition, Petitioner has failed to allege any claim(s), much less any the claims which go to the fact or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).

Finally, since Petitioner has failed to name the proper respondent, the name of the state officer having custody over Petitioner (i.e., prison warden), see Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1984); Rule 2(a), Rules Governing Section 2254 Cases in the United States Supreme Court,

the Court lacks jurisdiction over the Petition. See <u>Smith v. Idaho</u>, 392 F.3d 350, 352-55 (9th Cir. 2004).

Because Petitioner does not state a claim for relief under 28 U.S.C. § 2254, dismissal of the Petition is warranted.

## II. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 18, 2018

_____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE